```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION

REGINA NACHAEL HOWELL FOSTER   §
                               §
VS.                            §  CIVIL ACTION NO.4:14-CV-436-Y
                               §
DEUTSCHE BANK NATIONAL TRUST   §
COMPANY, ET AL.                §
```

<u>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'</u>
<u>MOTION FOR SUMMARY JUDGMENT</u>

This diversity action arises out of a lawsuit challenging an attempted mortgage foreclosure on Plaintiff's home located at 3325 Stoneway Drive, Grand Prairie, Texas, 75052 ("the Property"). *See Foster v. Deutsche Bank National Trust Co.*, No. 348-271967-14 (348th Dist. Ct., Tarrant County, Tex. May 5, 2014). In her second amended petition, Plaintiff claims the following:

(1) Defendants attempted to wrongfully foreclose on the Property;

(2) Defendants violated Texas Property Code § 51.002(b) and (d);

(3) The deed of trust does not create a valid lien on the Property;

(4) Plaintiff is entitled to a permanent injunction to enjoin Defendants from foreclosing on the Property; and

(5) In the alternative, Plaintiff requests a court-ordered reformation of the deed of trust. (Notice of Removal, Attach. 9, ECF No. 1.)

Defendants timely removed the lawsuit to federal court. Before the Court is Defendants' motion for summary judgment under Fed. R. Civ. P. 56 (doc. 38). For the following reasons, the Court GRANTS Defendants' motion.

## I.   **Summary Judgment Standard**

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. Fed. R. Civ. P. 56(c)(1). Although the Court is **required** to consider only the cited materials, it **may** consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992).

Instead, parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

In evaluating whether summary judgment is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted) (internal quotation marks omitted). "After the non-movant has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**II. Analysis**

    **A. Wrongful Foreclosure and Statutory Claims**

Plaintiff claims Defendants attempted to wrongfully foreclose on the Property and did not provide her proper notice of the scheduled foreclosure sale or the opportunity to cure the default prior to the Property's being posted for foreclosure, in violation of Tex. Prop. Code § 51.002(b) and (d). Defendants argue Plaintiff's claim for wrongful foreclosure is barred because no foreclosure sale of the Property ever occurred.

In diversity cases, a federal court must apply federal procedural rules and the substantive law of the forum state. *Hyde*

*v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 510 (5th Cir. 2007). In Texas, the elements of a wrongful foreclosure claim are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011)(Fitzwater, J.)(citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex.App. 2008, no pet.)). "[B]ecause recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure. As such, courts in Texas do not recognize an action for attempted wrongful foreclosure." *James v. Wells Fargo Bank, NA*, 533 Fed.App'x 444, 446 (5th Cir. 2013)(citing *Motten v. Chase Home Fin.*, 831 F.Supp.2d 988, 1007-08 (S.D. Tex. 2011)). Likewise, statutory claims under § 51.002 may arise only after the completion of the foreclosure. *Denley v. Vericrest Financial, Inc.*, No. H-12-992, 2012 WL 2368325, at *3 (S.D. Tex. June 21, 2012)(Werlein, J.)(citing *Kew v. Bank of America, N.A.*, No. H-11-2824, 2012 WL 1414978, at *6 (S.D. Tex. April 23, 2012)(Rosenthal, J.)).

In support of their motion, Defendants offer the sworn declaration and supporting documents of Crystal Kearse, who is the loan analyst and custodian of records for defendant Ocwen Loan Servicing, LLC ("Ocwen"), to establish the following facts. (Defs.' Mot. Summ. J., Kearse Decl., Exs. A1-9, ECF No. 39.)

- 9/11/2004        Carlos Foster, Plaintiff's husband at the time, executes a promissory note ("the loan") to New Century Mortgage Corporation in the principal sum of $157,000.00 to purchase the Property.  Plaintiff **does not** sign the promissory note.

- 10/11/2004       Plaintiff and Carlos Foster execute a deed of trust on the Property to secure the loan.  The deed of trust is erroneously filed in the real property records of Dallas County, Texas as Document No. 3088999.

- 8/31/2010        Defendant Ocwen Loan Servicing, LLC ("Ocwen"), begins servicing the loan.

- 2/15/2012        Ocwen sends notice of default in the amount of $2,517.77 to Carlos Foster.

- 4/19/2012        New Century Mortgage Corporation transfers the lien to defendant Deutsche Bank National Trust Company ("Deutsche"), as Trustee.

- 5/11/2012        The deed of trust is recorded in the official public records of Tarrant County, Texas, as Document No. D212113642.

- 8/10/2013        Ocwen sends notice of default in the amount of $44,826.18 to Carlos Foster.

- 3/28/2014        A Notice of Acceleration and Notice of Substitute Trustee Sale is sent to Carlos Foster.  The notices state that the total amount due on the loan is $162,749.48, and that the Property is scheduled to be sold at a foreclosure sale on May 6, 2014.

    The Notice of Sale recites the Dallas County Document No. 3088999 for the deed of trust.

- 5/5/2014         Plaintiff files her original petition in state court for wrongful foreclosure and requests a temporary restraining order.

    The state court judge issues a temporary restraining order enjoining Deutsche, Ocwen, and Power Default Services from foreclosing

       upon the Property.

- 5/19/2014  Plaintiff files her second amended petition.
- 6/11/2014  Defendants file their notice of removal.
- 9/3/2015   As of this date, Carlos Foster owes $199,595.82 on the loan.

Plaintiff does not offer **any** evidence to refute the foregoing facts. The only evidence offered by Plaintiff in response to Defendant's motion is her unsworn affidavit, in which she states that she still lives at the Property with her three minor children. (Pl.'s Resp., ECF No. 42-1.)

The evidence establishes that on May 5, 2014, the 348th Judicial District Court, Tarrant County, Texas, issued a temporary restraining order enjoining Defendants from conducting a foreclosure sale on the Property on May 6, 2014. (Notice of Removal, Attach. 6, ECF No. 1.) It is undisputed that no foreclosure sale of the Property has ever taken place and that Plaintiff still resides at the Property. Plaintiff offers no authority to refute Defendants' argument or any evidence to raise a fact issue regarding the absence of a foreclosure sale. Because the Property at issue has not yet been foreclosed upon, Plaintiff's claims for attempted wrongful foreclosure and violation of § 51.002(b) and (d) of the Texas Property Code are DENIED.

  **B. Invalid Lien Claim**

Plaintiff claims the deed of trust fails to create a valid lien on the Property because:

> (1) Plaintiff is incorrectly identified as "Reeba Nqchael Howell Foster" on the signature line in the deed of trust; and
>
> (2) The Notice of Substitute Trustee Sale identifies the wrong instrument to be foreclosed upon, that is, Dallas County Document No. 3088999.

While strict compliance is required with the Texas Property Code's nonjudicial foreclosure notice requirements, the Texas Supreme Court has relatively recently reaffirmed "that minor defects in an otherwise valid foreclosure sale does not void it." *Hemyari v. Stephens*, 355 S.W.3d 623, 625 (Tex. 2011)(per curiam)(citing *Univ. Sav. Ass'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705,706 (Tex. 1982)). A deed and sale are invalid only where the deed of trust requires extrinsic evidence for clarification. *Id.* (citing *Kimberly Development Corp. v. First State Bank of Greens Bayou*, 404 S.W.2d 631, 636 (Tex. Civ. App.-Houston [1st Dist.] 1996, writ ref'd n.r.e.)). Moreover, a notice of trustee's sale does not have to list the recording data of the deed of trust if the notice sufficiently describes the lien. *Mortimer v. Williams*, 262 S.W. 123, 125 (Tex. Civ. App.-Dallas 1924, no writ).

The Court finds that the deed of trust sufficiently describes the lien. Although the Notice of Substitute Trustee Sale incorrectly refers to Dallas County Document No. 308899, it is undisputed that the notice **does** provide the correct date of the deed of trust, the correct name of the grantor and trustee, and the correct metes-and-bounds description of the Property. It is also undisputed that Plaintiff signed her correct name as "Borrower" on

page 15 of the deed of trust. Plaintiff has offered no evidence that these discrepancies have caused her any confusion or harm.

Plaintiff's claim that the deed of trust does not create a valid lien on the Property is DISMISSED.

**C.   Request for Permanent Injunctive Relief**

Plaintiff requests that the Court permanently enjoin Defendants from foreclosing on the Property. To prevail on a permanent injunction, the movant must show: (1) actual success on the merits of its substantive claims; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that granting the injunction is not adverse to the public interest. *Parkside Partners v. City of Farmers Branch*, 701 F.Supp.2d 835, 859 (N.D. Tex. 2010)(citing *Harris Cnty. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306,312 (5th Cir. 1999)).

Because Plaintiff has failed to succeed on the merits of her substantive claims, Plaintiff's request for a permanent injunction enjoining Defendants from foreclosing on the Property is DENIED.

**D.   Reformation of Deed of Trust**

In the alternative, Plaintiff seeks a reformation of the deed of trust. Plaintiff has not demonstrated why such reformation is necessary, nor has she provided the Court any legal basis or authority to demonstrate that this Court has jurisdiction to grant such relief. Plaintiff's alternative request for reformation of

the deed of trust is DENIED.

**III. Conclusion**

For the reasons explained above, Defendants' motion for summary judgment is GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

SIGNED February 22, 2016.

                                        TERRY R. MEANS
                                        UNITED STATES DISTRICT JUDGE